## Baxter *versus* Maxwell *et al.*

1. A married woman who has procured by judicial decree all the rights and benefits conferred on a married woman by the Act of April 3d, 1872, P. L., 35, is entitled to receive and enjoy the product of her own labor, and the income and profits derived from her separate estate. She has a right to employ her husband to manage and superintend the business in which she is engaged, and her creditors cannot seize in execution her property produced by his superintendence and labor over and upon her separate estate. Whether or not the evidence shows her to be within this rule in any case is a question of fact for the jury.

2. Spering v. Laughlin, et al., 3 Amerman, 209; Seeds v. Kahler, 26 P. F. Smith, followed.

February 17th, 1887. Before MERCUR, C. J., GORDON, PAXSON, TRUNKEY, STERRETT, GREEN and CLARK, JJ.

ERROR to the Court of Common Pleas of *Lycoming county :* Of July Term 1886, No. 100.

Trespass *vi et armis,* brought by E. A. Maxwell and Marlett Maxwell, her husband, in right of E. A. Maxwell, against Henry Baxter, sheriff of Tioga county, to recover damages sustained by her, by the sale of two horses, wagon, harness and blankets, alleged to belong to her, which the defendant seized, levied upon and sold, by virtue of a writ of *fieri facias* issued on a judgment against her husband.

The facts in the case as they appeared on the trial before CUMMIN, P. J., are as follows:

Harry Baxter, sheriff of Tioga county, plaintiff in error, on the 26th day of November, 1884, by virtue of *alias fieri facias* issuing out of the Court of Common Pleas of Tioga county, on a judgment entered therein in favor of Edgar Sheffer against M. Maxwell for one hundred and five dollars, levied upon one black horse, one bay horse, one lumber wagon, one set of double harness and one pair of blankets, belonging to the defendant.

On the 3d of December, 1884, Mrs. E. A. Maxwell gave notice to the sheriff that the goods and chattels thus levied upon belonged to her and forbid the sheriff to sell the same. On December 5th, 1884, the sheriff sold the goods levied on.

June 11th, 1885, E. A. Maxwell, the wife of M. Maxwell, brought this action of trespass against the plaintiff to recover damages for the alleged illegal seizure and sale of her goods.

There was evidence in support of the following facts:

Mrs. E. A. Maxwell, the plaintiff below, is the wife of Marlette Maxwell and daughter of John Thurston. In the latter part of 1883, Maxwell failed in business. All his personal property was sold by the sheriff. His real estate was covered by judgments and afterwards sold.

In the spring of 1884, Thurston, who was the owner of certain timber lands, to assist his daughter in the support of herself and children, gave her fifty cords of bark, then peeled and piled in the woods. He also at the same time gave her a quantity of bark on the tree, amounting to about forty cords.

This bark was worth, peeled in the woods, $4.25 per cord, or $5.00 per cord delivered at the tannery.

On June 20th, 1884, Mrs. E. A. Maxwell, on petition to the Court of Common Pleas of Lycoming county, received the benefits of the Act of April 3d, 1872.

On the credit of the bark given her by her father, Mrs. Maxwell borrowed about $100 from Daniel Secrist and opened a small store, the income of which soon grew to be considerable.

She kept the books, sold the goods and managed this store in person, and employed her husband to manage the business relating to the bark. On or about July 1st, 1884, she sold the bark given her by her father to Landfield, Davidge & Co., for five dollars a cord delivered, and received in part payment one of the horses the title to which comes in question in this case.

She also entered into a contract with John B. Emery to peel and deliver bark for him, and stock the logs from which this bark was taken. Her horse and other proceeds of her bark sold to Landfield, Davidge & Co., and proceeds of her store were used in carrying out this contract. She also took one or two other small contracts to peel and deliver bark. In November, 1884, she bought another horse for $150 and paid for it in cash. Her husband acted as her agent in making this purchase.

The money paid for this horse was the mixed proceeds of her store, her bark sold to Landfield, Davidge & Co., and of the Emery contract. At this time the sales in her store had amounted to from $1,500.00 to $1,800.00.

A set of harness and a pair of blankets were procured by her in a manner similar to the second horse.

The plaintiff requested the court to instruct the jury *inter alia* as follows:

Fourth. That if the jury believe said E. A. Maxwell became the owner of personal property by the gift of her father, and on the credit of the same engaged in business, and with the

[Baxter v. Maxwell et al.]

proceeds thereof purchased the two horses, harness and blankets seized and sold by the defendant for the debt of her husband, the plaintiff is entitled to recover in this suit the full value of the same with interest from the date of said seizure.

Answer. That point is affirmed if you find the ownership is established by clear and satisfactory proof. (Fourth assignment of error.)

The defendant requested the court to instruct the jury *inter alia* as follows:

Fourth. The Act of April 3d, 1872, in reference to the separate earnings of married women was intended to protect such earnings, wages, labor, salary, property or business as they might carry on independently of their husbands and in which they had special skill and knowledge; and does not protect any such labor or business in which the husband alone had skill and knowledge.

Answer. That point is refused. I think that is not the law. (Seventh assignment of error.)

The court in the general charge instructed the jury *inter alia* as follows:

Under the Act of April 3d, 1872, a married woman acquires the right to her earnings which previously she didn't have. Previously they were considered the property of the husband, and they so continue unless she has taken the benefit of this Act. Even then when she is declared a *femme sole* trader and comes into court claiming property, this Act provides that she shall be compelled to show title in the same. The possession of any property in a man would be a presumption of title—the possession of personal property. That is not so as to a married woman. She must show her title. There is no presumption in her favor. Now, under these Acts of Assembly, there have been numerous decisions of the Supreme Court, and they amount substantially to the point set up by counsel. It is well settled now that when a wife has a separate estate acquired in the manner in which I have already stated, and she buys property on the credit of that separate estate, she may hold it against the creditors of her husband. And it is not necessary that she shall have paid for it at the time of her purchase. She is not precluded from buying on credit, provided it be on the credit of her separate estate. And in all such cases it is incumbent upon her to establish the fact that the purchase was so made to protect her title against the creditors of her husband. This must be by proof which satisfies the jury. "A married woman having no separate estate cannot as against her husband's creditors acquire real or personal property on her personal credit or on the credit of her subsequent earnings. Nor does the fact that she is a *femme sole* trader modify the rule as to the meas-

-[Baxter *v.* Maxwell et al.]

ure of rule incumbent on the wife. Property bought by a married woman upon her individual credit and subsequently paid for from profits in business, is to be regarded as the property of her husband, and subject to execution by his creditors."

That applies to cases where the married woman had no separate estate. Where the married woman has a separate estate of her own, as I have said, she may purchase property on the credit of that estate and it will be protected as against her husband's creditors. It has been decided that a *femme sole trader*—a woman who has acquired the right under this Act of Assembly—may employ her husband to superintend the business and have the benefit of his skill and labor; additional property purchased by such means belongs to her and cannot be levied upon by his creditors. The property acquired, if it be the result of the original investment, the creditors have no right to levy upon. She has just as much right to employ her husband as she has to employ any other person.

Now, gentlemen, these are the general rules which should govern you in the investigation of this case. It is claimed by the plaintiff that the property in controversy in this case—the horses, harness and blankets—were acquired by her out of her separate property—out of property which had been originally given to her, and which she afterwards acquired in the management of what she had. On the other hand it is claimed by the defendant that she has not shown such property as would satisfy the jury that the ownership is made out as required by the rules of law. It will be for you to determine under all the evidence whether or not this woman has made out the required title. If she has she would be entitled to recover just the extent she has been injured. That would be the value of the team of horses and harness and blankets, and the property. If you find that all the property belonged to her, and if she has shown it by proof satisfactory as I have stated—then you ascertain the value of that property as of the time it was taken —that is December 5th, 1884. Ascertain the value of the property at that time and add interest up to this time.

Verdict for the plaintiff in the sum of $402.95, and judgment thereon, whereupon the defendant took this writ and filed *inter alia* the assignments of error above shown.

*H. T. Ames* (*Thomas H. Hammond, P. P. Allen* and *John G. Reading, Jr.*, with him), for plaintiff in error.—Goods purchased by a married woman on her own credit are not her separate property: Robinson *v.* Wallace, 3 Wright, 133. Her credit is nothing in the eyes of the law. When she does contract the law esteems her the agent of her husband: Heugh *v.* Jones, 8 Casey, 432; Hollowell *v.* Horter, 11 Casey, 375.

[Brickell et al. v. Earley.]

A married woman must have a separate estate to protect her purchase upon credit, an estate available and proportionate to the credit it supports. The purchase must in fact be made not upon her credit but upon the credit of her separate estate; upon her ability to pay out of her own funds: Gault v. Saffin, 8 Wright, 307; Linebaugh v. Templin, 9 Out., 522; Spering v. Laughlin & Mc Meanes, 3 Amerman, 209.

*J. C. Hill* for defendant in error was not heard.

Mr. Chief Justice MERCUR delivered the opinion of the court February 28th, 1887.

The defendant in error by judicial decree, had procured all the rights and benefits conferred on a married woman by the Act of 3d April, 1872. These included the right of receiving and enjoying the product of her own labor, and the income and profits derived from her separate estate.

She had a right to employ her husband to manage and superintend the business in which she engaged, and his creditors cannot seize in execution her property produced by his superintendence and labor, over and upon her separate property: Gibbs & Sterret Mfg. Co. v. Goe, 1 Pennypacker, 238; Seeds v. Kahler, 76 Pa., 262; Spering v. Laughlin et al., 113 Id., 209.

Whether the evidence in this case showed her to be protected by this well settled rule of law was a question of fact for the jury, and it was correctly submitted to it.

Judgment affirmed.